IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HICA EDUCATION LOAN CORPORATION, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-762-D
)
GAIL P. GIROUARD, )
)
        Defendant. )

# **O R D E R**

This matter comes before the Court on Plaintiff HICA Education Loan Corporation's Motion for Default Judgment [Doc. No. 15]. Upon consideration of the Motion, Plaintiff's Supplemental Brief [Doc. No. 22], and the case record, the Court finds as follows:

1. Plaintiff filed its Complaint on July 19, 2010, to recover on a promissory note governed by 42 U.S.C. §§ 292-292p, and federal regulations implementing the Health Education Assistance Loan (HEAL) program.

2. Defendant appeared *pro se* on February 10, 2011, and requested additional time to answer or otherwise respond; she received an extension of time until March 14, 2011.

3. At Plaintiff's request, the Clerk of Court entered Defendant's default on March 28, 2011, pursuant to Fed. R. Civ. P. 55(a).

4. Plaintiff's Motion for Default Judgment was set for hearing pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiff timely served Defendant with copies of the Motion, the proposed judgment, and the Order Setting Hearing, as directed by the Court.

5. Plaintiff appeared at the hearing on May 23, 2011, through counsel of record, Carole L. Houghton; out-of-state counsel was also present. Defendant did not appear, and has otherwise failed to plead or defend the case. Thus, the allegations of the Complaint are accepted as true.

6. Defendant executed the promissory note that appears as Exhibit 1 to the Complaint on or about May 23, 1998, in the principal amount of $86,560.82 (the "Note"). Plaintiff subsequently became the owner and holder of the Note, and is entitled to receive all monies due under its terms.

7. Defendant failed to pay the sums due and is in default on the Note. Plaintiff has made demand for payment, but Defendant has failed to pay the amount due and owing. All conditions precedent to full payment of the Note have been met.

8. Defendant is not an infant or incompetent, and is not currently in active military service or otherwise entitled to protection under the Service Members Civil Relief Act, 50 U.S.C. App. § 501 *et seq*.

9. Plaintiff is currently entitled to recover from Defendant unpaid principal in the amount of $100,735.13, together with accrued interest in the amount of $39,091.34, through April 5, 2011, plus pre-judgment interest at the rate of $8.96 per day from April 6, 2011, until the date of judgment.

10. Plaintiff seeks post-judgment interest at a contractual rate determined according to 42 U.S.C. § 292d and 42 C.F.R. § 60.13. However, post-judgment interest on a federal civil judgment is governed by 28 U.S.C. § 1961. Neither the statute nor regulation on which

Plaintiff relies, nor any contractual provision set forth in the Note, expresses an intention to specify a post-judgment rate of interest or to supersede § 1961 and the rule that a cause of action reduced to judgment merges into the judgment. *See Johnson v. Riebesell* (*In re Riebesell*), 586 F.3d 782, 794 (10th Cir. 2009). Accordingly, the post-judgment rate of interest mandated by § 1961 applies.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment is GRANTED as set forth herein. Judgment shall be entered accordingly.

IT IS SO ORDERED this 1st day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE